IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAQUAN DAVIS, | Case No. 5:25-cv-154 |
| Petitioner, | DISTRICT JUDGE<br>David A. Ruiz |
| vs. | |
| WARDEN, FRANKLIN COUNTY CORRECTIONS CENTER, II, *et al.*, | MAGISTRATE JUDGE<br>James E. Grimes Jr. |
| Respondent. | **REPORT & RECOMMENDATION** |

The Respondent, Warden of Franklin County Correction Center, II, has filed two motions asking the Court to dismiss it as a party from this matter. *See* Docs. 12, 17. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Warden's motions to dismiss be granted.

**Background**

In December 2024, Petitioner DaQuan Davis filed a petition for writ of habeas corpus naming as Respondents "the State of Ohio" and "Franklin County Head Sherrif." *See* Doc. 1, at 1.

In March 2025, after seeking and obtaining leave, the Warden of Franklin County Correction Center, II, where Davis was incarcerated, filed a motion to be dismissed as a party. Tr. 12. The Warden made three arguments

1

in support of its dismissal from this action: (1) it is not a proper respondent because its custody of Davis is based on criminal charges that are unrelated to his habeas petition; (2) Davis's petition doesn't seek relief that the Warden could provide; and (3) the anticipated mootness of the Warden's inclusion in the petition. *See generally* Doc. 12.

In April 2025, Davis responded in opposition to the Warden's motion to dismiss. Doc. 14. In his response, Davis generally argues that the Warden should not be dismissed because the Warden is honoring a holder that Summit County, the county out of which his habeas claims originated, issued. Doc. 14, at 2.

In May 2025, the Warden filed a second motion to dismiss it as a party. Doc. 17. This time the Warden asserted that any claims against it were moot because Davis was no longer in Franklin County's custody. *Id.* at 2–4. Davis did not file a response to the Warden's second motion to dismiss.

**Legal Standard**

The writ of habeas corpus applies to "the person who holds [the petitioner] in what is alleged to be unlawful custody." *Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018) (quoting *Braden v. 30th Judicial District Court of Kentucky*, 410 U.S. 484, 494–95 (1973)). This applies even if the challenged custody is a potential future confinement. *Gilmore*, 895 F.3d at 837. A habeas petition under Section 2254, thus, may challenge either (1) current custody under a state-court judgment, or (2) future custody under a contested state-

court judgment. *See* 28 U.S.C. § 2254, Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(a), (b).

Ordinarily, as Rule 2(a) contemplates, the person holding custody will the state officer who has custody of the petitioner, typically the warden of the facility where the petitioner is confined. This is known as the "immediate physical custody rule." *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004). "But 'the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement.'" *Gilmore*, 895 F.3d at 837 (quoting *Rumsfeld*, 542 U.S. at 438).

Under Habeas Rule 2(b), "[i]f the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." Rule 2(b), thus, differs from the ordinary "immediate physical custodian rule" which generally requires a habeas petitioner to name his immediate custodian at the time of filing. *Rumsfeld*, 542 U.S. at 435. If something other than present physical confinement is challenged, then the first inquiry must be to identify the party exercising the challenged legal control. *Id.* at 439. Often the entity exercising the challenged legal custody in circumstances with a detainer,[1] or holder, which necessarily concern potential

---

[1] A detainer is a request from one jurisdiction asking another jurisdiction to notify it before releasing a prisoner, so that the requesting jurisdiction may prosecute the prisoner on release. *See Gilmore*, 895 F.3d at 835.

future custody, is the entity that issued the detainer. *See Braden*, 410 U.S. at 494.

**Discussion**

*1. The "immediate physical custodian" rule does not apply because Davis's petition challenges his future custody in a different jurisdiction.*

At the time of filing, Davis was confined at the Franklin County Corrections Center, II, awaiting trial on several charges that originated in Franklin County. Doc. 1, at 1. Davis was brought into custody based on charges originating in Franking County giving rise to three criminal cases. *See* Doc. 12, at 2 (explaining that Davis was confined awaiting trial on case number 23CR-2264, a thirteen-count drug trafficking case arising out of case numbers 23CRA6418 and 23CRA6465) (collectively, "the Franklin County Cases"). Additionally, a fourth case number, 23MI-250 ("the Detainer"), reflected a detainer based on a Summit County warrant. Doc. 12, at 2. In April 2023, the Franklin County Court of Common Pleas acted on the Detainer, set a bond, and ordered that Summit County either pick up Davis or that he be released from that case. Doc. 8-1, at 27–28. Since the Franklin County Court of Common Pleas resolved the Detainer, and since Summit County has not picked up Davis from Franklin County custody, Davis remains in Franklin County custody based only on his pending trail for the Franklin County Cases.

Importantly, Davis's habeas petition is self-evidently unrelated to the Franklin County Cases and the Detainer. *See* Doc. 11, at 2 (asserting that the

4

pending trial on the Franklin County Cases is "irrelevant" to his petition and arguing that he should be permitted to proceed against the Warden since he is in the Warden's custody). His petition, instead, arises from a challenge to his future potential custody based on post-conviction proceedings. Specifically, Davis's petition arises out of alleged ineffective assistance of appellate counsel during the State's successful appeal from the Summit County trial court's decision allowing Davis to withdraw his guilty plea. *See generally* Doc. 1, at 5–9 (stating grounds for relief based solely on post-conviction proceedings in Summit County reinstating a 2023 Summit County conviction).

Here, Davis does not present any ground for relief related to his custody in Franklin County based on the Franklin County cases or based on the Detainer. The Franklin County Warden, thus, does not "exercise[] legal control with respect to the challenged 'custody.'" *Gilmore*, 895 F.3d at 837 (quoting *Rumsfeld*, 542 U.S. at 438). Instead, Davis takes issue with his potential future custody related to the reinstatement of his 2023 conviction in Summit County. *See* Doc. 1, at 1. Since Davis challenges his future custody, Rule 2(b) applies and the proper respondents[2] would be "both the officer who has current custody [meaning legal control with respect to the challenged custody] and the attorney general of the state where the judgment was entered." 28 U.S.C. § 2254, Rules

---

[2] No party has argued that the Summit County Court of Common Pleas, as the entity issuing the Detainer, should be added as a Respondent, or taken issue with the fact that the Summit County Court of Common Pleas has not been named a respondent. *See* Rule 2(b). So the Court has not considered this issue in resolving the instant motion.

5

Governing Section 2254 Cases in the United States District Courts, Rule 2(b); *see also Gilmore*, 895 F.3d at 837. The Warden of Franklin County Correction Center II is neither of these entities. It thus is not a proper respondent in this habeas proceeding.

    2.    *Because Franklin County no longer has any form of custody over Davis, it is not a proper respondent.*

The appropriateness of dismissing Franklin County is made even clearer by its most recent motion to dismiss, which shows that the present physical custodian of Davis is the Ohio Department of Rehabilitation and Correction ("ORDC"). *See* Doc. 17-5. This is matters because, even assuming Franklin County was initially a proper respondent based on its immediate physical custody—though the above shows it was not—it no longer has any form of custody over Davis.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). This means that each party in a given action must have a "a legally cognizable interest in the outcome." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009); Lexis, 494 U.S. at 477 ("To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury *traceable to the defendant* and likely to be redressed by a favorable judicial decision[.]") (emphasis added). In the habeas context, "the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable

6

by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This means that once a prisoner is released or his sentence has expired, a petition will become moot unless there is "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.*

The face of Davis's filings demonstrate that the sole reason the Warden of the Franklin County Corrections Center was named as a respondent was because he was in custody there when he filed his habeas petition. *See* Doc. 14, at 2; *see generally* Doc. 1 (stating grounds for relief based solely on Summit County proceedings). The Warden's most recent filing, Doc. 17, however, demonstrates that Davis is no longer in Franklin County's custody. So the Warden's only connection to Davis's petition, i.e. being his immediate physical custodian, no longer exists. While the instant circumstances are somewhat different than a prisoner being released all together, the effect on Davis's claim as to the Warden is the same. "[I]t is not enough that a dispute was alive when [Davis's] habeas corpus petition was filed in the district court. [Davis] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Brock v. U.S. Dept. of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007) (citing *Lewis*, 494 U.S. at 477). Since Davis is no longer held by the Warden, the Warden cannot provide any redress in relation to Davis's habeas petition. The Warden should thus be dismissed as a respondent because any claim against it is moot.

7

**Conclusion**

For all of the reasons stated, I recommend that the Warden of Franklin County Corrections Center, II, be dismissed as a respondent to this habeas petition.

Dated: June 27, 2025

*/s/James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).