IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAQUAN DAVIS,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, FRANKLIN COUNTY CORRECTIONS CENTER II, et al.,<br><br>Respondents. | CASE NO. 5:25-cv-0154<br><br>DISTRICT JUDGE DAVID A. RUIZ<br><br>MAGISTRATE JUDGE JAMES E. GRIMES JR.<br><br>**REPORT AND RECOMMENDATION** |

DaQuan Davis filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Doc. 1. Davis is currently in custody at the Madison Correctional Institution serving a sentence imposed by the Franklin County Court of Common Pleas. His petition, however, relates to his aggregate sentence to imprisonment for 14 years and 6 months imposed by the Summit County Court of Common Pleas in *State v. Davis*, Case Nos. CR-2013-12-3484, CR-2014-06-1723, and CR-2014-09-2832. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Court dismiss Davis's petition.

**Summary of underlying facts**

In habeas corpus proceedings brought under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. §

2254(e)(1). "This presumption also applies to the factual findings that [a] state appellate court makes on its review of the state trial record." *Johnson v. Bell*, 525 F.3d 466, 474 (6th Cir. 2008). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id*.

The Ohio Court of Appeals for the Eleventh Appellate District summarized the underlying facts as follows:

> {¶2} Appellant's convictions resulted from guilty pleas entered in three cases. On January 12, 2014, an indictment was filed in Summit [County Court of Commons Pleas]. No. CR–2013–12–3484 charging appellant with numerous crimes involving drug trafficking, felonious assault, and resisting arrest. Appellant was assigned counsel and he pled not guilty. While that case was pending, appellant was released on bond and capias warrants were issued twice for his failure to appear at pretrials. Also while this case was pending, appellant was indicted in two other cases. On June 26, 2014, an indictment was filed in Summit [County Court of Commons Pleas]. No. CR–2014–06–1723 charging appellant with three counts involving drug possession. On October 2, 2014, an indictment was filed in Summit [County Court of Commons Pleas]. No. CR–2014–09–2832 charging appellant with numerous counts involving drug trafficking, felonious assault, and resisting arrest. These cases resulted from criminal acts committed while Davis was out on bond in the first case.
>
> {¶3} These three cases were consolidated for a single trial. On October 20, 2014, appellant's newly retained counsel entered a notice of appearance, replacing appointed counsel. On November 19, 2014, counsel filed a motion to continue the December 18, 2014 trial date. The trial court denied the motion on December 1, 2014. Appellant's counsel then filed a motion to sever, which the trial court indicated was still under consideration at the last pretrial

> conference. On December 17, 2014, the day before trial, appellant agreed to retract his former not guilty pleas and pled guilty to amended charges in the three cases as part of a plea agreement offered by the state. Specifically, in CR–2013–12–3484, appellant pled guilty to one first-degree felony count of drug trafficking, a violation of R.C. 2925.03(A) and (C)(4); one first-degree felony count of felonious assault, a violation R.C. 2903.11(A)(2); one third-degree felony count of failure to comply with the order or signal of a police officer, a violation of R.C. 2921.13(F); one fifth-degree felony count of drug possession, a violation of R.C. 2925.11(A) and (C)(6); one fifth-degree felony count of receiving stolen property, a violation of R.C.2913.51(A); and one second-degree misdemeanor count of resisting arrest, a violation of R.C. 2921.33(A).
>
> {¶ 4} In CR–2014–06–1723, appellant pled guilty to one fifth-degree felony count of deception to obtain a dangerous drug, a violation of R.C. 2925.22. Finally, in CR–2014–09–2832, appellant pled guilty to one second-degree felony count of drug trafficking, a violation of R.C. 2925.03(A) and (C)(6); one third-degree felony count of failure to obey the order or signal of a police officer, a violation of R.C. 2921.31(B); and one second-degree misdemeanor count of resisting arrest, a violation of R.C. 2921.33(A). As part of a plea agreement multiple charges were dismissed in each case. Appellant received an aggregate prison sentence of 14 years, 6 months.

*State v. Davis*, 2016-Ohio-1521, 2016 WL 1449522, at *1 (Ohio Ct. App. 2016).

**Procedural background**

After the trial court entered judgment, Davis filed three notices of appeal and a motion to consolidate his appeals. Doc. 15-1, at 43–48, 55. The Ohio court of appeals granted Davis's motion to consolidate, and his counsel filed a single appellate brief. *See id.* at 57–85. Relying on *Anders v. California*,

388 U.S. 924 (1967),[1] counsel submitted that she could not "find a meritorious claim to raise on … appeal." *Id.* at 57–85. Davis filed a pro se response, *id.* at 156–57, and, on April 13, 2016, the court of appeals affirmed the trial court. *Davis*, 2016 WL 1449522.

Davis did not seek review with the Ohio Supreme Court.

*Davis's motions*

Meanwhile, in September 2015, Davis filed in the trial court a motion to withdraw his guilty plea. Doc. 15-1, at 164–66. Within days, the trial court issued a judgment denying the motion. *Id.* at 167–70. The court issued a

---

1 In *Anders*, the Supreme Court held that:

> if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

386 U.S. at 744.

journal entry with respect to its judgment in November 2015. *Id*. at 171. Davis did not appeal the trial court's decision to the Ohio court of appeals.

In March 2018, Davis moved the trial court to reduce his sentence. *Id*. at 172–74. The trial court denied the motion in March 2018. *Id*. at 176–79.

In March 2020, the trial court denied a motion that Davis apparently filed for a "de novo sentencing hearing." *Id.* at 180. The motion is not in the record. Davis did not appeal the trial court's decision.

In June 2020, Davis filed a "motion for final appealable order." *Id*. at 181–86. The trial court denied this motion in April 2021. *Id*. at 231. Davis did not appeal this order.

In May 2021, Davis filed in the trial court a motion to withdraw his guilty plea. Doc. 15-1, at 232–42. Davis cited Rule 32.1 of the Ohio rules of criminal procedure and the Fourteenth Amendment.[2] *Id*. at 232. The trial court granted this motion in November 2021. *Id.* at 310–15. In its ruling, the court held that when moving "to withdraw a plea of guilty after the imposition of sentence," a movant must "establish[] the existence of manifest injustice." *Id*. at 314. The court also observed that "[a] motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court." *Id*. at 314. Based on its

---

2 Ohio rule of criminal procedure 32.1 provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

review, the court determined that "Davis ha[d] demonstrated [that] a manifest injustice occurred during his plea hearing and that he suffered prejudice as a result." *Id*. at 315.

In December 2021, the State sought review in the court of appeals and moved to stay proceedings pending appeal. *Id*. at 316, 324–68. The court of appeals granted the State leave to appeal. *Id*. at 370–72.

On March 22, 2023, the court of appeals reversed the trial court. *See State v. Davis*, 2023-Ohio-910, 2023 WL 2593149 (Ohio Ct. App. 2023). It held:

> {¶6} In its sole assignment of error, the State argues the trial court lacked jurisdiction to consider Mr. Davis's motion to withdraw his guilty pleas because Mr. Davis's convictions and sentence had already been affirmed on appeal by this Court. We agree.
>
> {¶7} The Supreme Court of Ohio, in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978), determined a trial court loses jurisdiction over a case when an appeal is taken and, absent a remand, does not regain jurisdiction subsequent to the court of appeal's decision. Further, the *Special Prosecutors* Court explained, even though the trial court retains jurisdiction over issues not inconsistent with the jurisdiction of the court of appeals, the granting of a motion to withdraw is "inconsistent with the judgment of the [c]ourt of [a]ppeals affirming the trial court's conviction premised upon the guilty plea." *Id.*
>
> {¶8} Additionally, the Supreme Court of Ohio stated Crim.R. 32.1 does not independently "vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *Id*. Moreover "[r]es judicata bars the assertion of claims against a valid, final

> judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Thus, after a defendant's convictions have been affirmed on appeal, a trial court has "no authority to consider [a] motion to withdraw his guilty plea, let alone grant him a new trial." *Ketterer* at ¶ 62.
>
> {¶9} Here, Mr. Davis filed a direct appeal, in compliance with *Anders*, supra, wherein his counsel brought to light a possible issue with allied offenses. Additionally, Mr. Davis filed a pro se document wherein he challenged the trial court's denial of a motion for continuance. This Court independently reviewed the record and, in so doing, concluded "there are no appealable, non-frivolous issues in this case." *Davis*, 2016-Ohio-1521, at ¶ 10. The alleged issues Mr. Davis now raises regarding the trial court's use of the word "required" instead of "mandatory" in addressing his maximum sentence during his plea colloquy could have been filed in his direct appeal. Therefore, pursuant to *Special Prosecutors* and *Ketterer*, the trial court lost jurisdiction to consider Mr. Davis's motion to withdraw his guilty pleas after this Court affirmed his convictions. Accordingly, the trial court erred in granting Mr. Davis's motion to withdraw his guilty pleas.
>
> {¶10} Accordingly, the State's sole assignment of error is sustained.

*Id.* at 2–3.

Davis later filed a notice of appeal with the Ohio Supreme Court. Doc. 15-1, at 460–61. Davis filed a memorandum in support of jurisdiction in which he raised two propositions of law:

> 1. An indigent criminal defendant has the right to the effective assistance of appellate counsel when

> the state appeals a judgment setting aside a conviction. Sixth and Fourteenth Amendments to the United States Constitution; Art. I, § 10 of the Ohio Constitution.
>
> 2. Under *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio. St.2d 94, 97-98, 378 N.E.2d 162 (1978), as explained in *State v. Roland Davis*, 131 Ohio St. 3d 1, 2011-Ohio-5028, an appellate affirmance does not automatically deprive a trial court of jurisdiction to vacate a guilty plea properly filed under Crim.R. 32.1.[3]

*Id.* at 462–80. Davis then filed with the Ohio Supreme Court a motion to stay and for limited remand. *Id.* at 498–502. On July 12, 2023, the Ohio Supreme Court denied the motion to stay and remand and declined under Rule 7.08(B)(4) of its rules of practice to accept jurisdiction over Davis's appeal. *Id.* at 671.

While Davis's supreme court appeal was pending, he filed in the Ohio court of appeals a delayed application under Ohio appellate rules 14(B) and 26(A) and *State v. Murnahan*, 584 N.E.2d 1204 (Ohio 1992)[4] "to reconsider and reopen appeal based on ineffective assistance of appellate counsel." *Id.* at 672–691. In his application, Davis sought to reopen the State's appeal of the trial court's order granting Davis's motion to withdraw his guilty plea. *See id.* at

3 In this report and recommendation, Davis's claims before Ohio's courts and this Court are reproduced as written.

4 In *Murnahan*, the Ohio Supreme Court held that "in cases that present a colorable claim of ineffective assistance of appellate counsel and in which the time to appeal or request reconsideration has expired, the defendant may apply for delayed reconsideration." *State v. Clark*, 271 N.E.3d 819, 824 (Ohio 2025).

675. He asked the court of appeals to appoint him counsel so that he could "file a merit brief responding to the state's brief." *Id.*

The court of appeals denied Davis's delayed application in April 2024. *Id.* at 871–72. In doing so, the court noted that in *Murnahan*, the Ohio Supreme Court held that:

> [I]n an individual case where a defendant has put forth a colorable claim of ineffective assistance of appellate counsel, *where the circumstances render the application of res judicata unjust, and the time periods for reconsideration in courts of appeals and direct appeal to this court have expired*, he or she must: (1) apply for delayed reconsideration in the court of appeals where the alleged error took place pursuant to App.R. 26 and 14(B), and if delayed reconsideration is denied, then (2) file for delayed appeal in this court pursuant to Section 8, Rule II of the Rules of Practice of the Supreme Court.

*Id.* at 871 (emphasis added by court of appeals). The court of appeals then held that by its terms, *Murnahan* did not apply to instances involving an appeal by the State or to instances in which a petitioner had already filed a "timely jurisdictional appeal with the Supreme Court of Ohio." *Id.* at 872.

Davis filed a notice of appeal with the Ohio Supreme Court. *Id.* at 873–74. In his memorandum in support of jurisdiction, he raised two propositions of law:

> 1. A motion filed under *State v. Murnahan* and *In re T.A.* is the appropriate remedy for raising claims of ineffective assistance of appellate counsel where App.R. 26(B) does not apply.
>
> 2. A decision by this court not to hear a discretionary appeal does not preclude a court of appeals from its

> responsibility to adjudicate a claim of ineffective assistance of appellate counsel filed pursuant to *State v. Murnahan*.

*Id*. at 875–93. On August 7, 2024, the Ohio Supreme Court declined under Rule 7.08(B)(4) of its rules of practice to accept jurisdiction. *Id*. at 919.

Davis filed a motion to reconsider, *id*. at 920–31, which the Ohio Supreme Court denied on December 6, 2024, *id*. at 1134.

*Federal habeas proceedings*

Davis filed a petition for writ of habeas corpus on December 9, 2024. Doc. 1, at 15; *see Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that an imprisoned petitioner's petition is deemed filed when he places it in his prison's mailing system). He raises the following grounds for relief:

> Ground one: Ohio courts violated Mr. Davis right to due process when they appointed counsel so he can defend against the state's appeal, but failed to let an attorney file a brief once the appointed counsel disappeared from the appeal.
>
> *Supporting Facts*: Mr. Davis was granted a plea withdraw motion. The state appealed the trial court ruling. The trial court appointed Mr. Davis counsel for the state appeal. The appointed counsel signed a affidavit stating he did not file a brief due to his 'oversight.' When this was brought to the appeal court attention threw the Ohio public Defender office the appeal court still neglected to let the Ohio public defender office file a brief. In, other words the appeal court denied Mr. Davis right to due process by not letting him perfect the appeal.
>
> Ground two: Just because the state filed an appeal does not mean a U.S. citizen lose his 6th Amend. right to have effective counsel in the states appeal.

> *Supporting Facts*: Ohio does not have a rule or remedy to argue ineffective of appellate counsel in a state appeal.
>
> Ground three: Ohio Court of Appeals denied to hear Mr. Davis claim of actual ineffective counsel claims under *Strickland v. Washington*.
>
> *Supporting Facts*: The ninth appeal district ruled against Mr. Davis because his appointed counsel did not file the superseded Ohio Supreme Court case law. (The ninth district was not aware of this new case law due to the fact they later used the same Ohio Supreme Court case law that was available when Mr. Davis counsel disappeared as law in there district, after a different case was brought to there court and argued the talked about Ohio Supreme Court case.) In other words had counsel argued Ohio Supreme Court new case law Mr. Davis would have won (FACT!).

Doc. 1, at 5–9. The Warden filed a return, Doc. 15, and Davis filed a traverse, Doc. 18.

**Discussion**

*Davis's Petition is time-barred.*

In his return, Respondent argues that Davis's petition is untimely. Doc. 15, at 13. I agree.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214, provides a one-year limitations period in a habeas action brought by a person in custody from a state court judgment. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Davis does not claim that subparagraphs (B) or (C) could apply.[5] So only subparagraph (A) and subparagraph (D) are potentially implicated.

Under subparagraph (A), a judgment becomes final at the "conclusion of direct review or [on] the expiration of the time for seeking such review." The Ohio court of appeals issued its decision on direct review on April 13, 2016. *Davis*, 2016 WL 1449522. From there, Davis had 45 days, until Tuesday, May 31, 2016, to seek review with the Ohio Supreme Court.[6] *See* Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i) ("To perfect a jurisdictional appeal from a court of appeals to

---

5 To be sure, there is no apparent basis that subparagraphs (B) or (C) could apply—Davis doesn't claim that there was an impediment that prevented him from filing his petition and he does not rely on a newly recognized constitutional right. *See* Doc. 18, at 2–3.

6 Day 45 fell on a Saturday and Monday, May 30, 2016, was Memorial Day. So Davis had until the next business day—Tuesday, May 31, 2016—to seek review. *See* Ohio S.Ct.Prac.R. 3.03(A)(1).

the Supreme Court … the appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed."). But Davis did not file an appeal with that court. So, unless an exception applies, Davis's conviction became final on June 1, 2016. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"). Davis thus had until June 1, 2017, to file his habeas petition.

As noted, however, Davis did not file his petition until December 9, 2024. *See* Doc. 1, at 15. This means that unless Davis's time to file his petition was tolled or a different calculation applies, his petition is untimely.

For his part, Davis argues that his conviction did not become final until March 22, 2023, when the court of appeals reversed the trial court's order granting Davis's motion to withdraw his guilty plea. Doc. 18, at 3. It is true that "[w]hen [a] court[] engage[s] in a full resentencing, the resulting sentence is a new 'judgment' that restarts § 2244(d)(1)'s timeclock." *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020). But in applying this rule, it is important to remember that "in a criminal case[,] … [t]he sentence is the judgment." *Id*. (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). To benefit from a new limitations period, therefore, a habeas petitioner must point to a resentencing that results in a worse sentence than the one previously imposed. *Id*. at 229–30; *see Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). If "'no

resentencing hearing was held, no new sentencing entry was filed, and no new judgment issued,'" the statute of limitations does not restart. *Freeman*, 959 F.3d at 230 (quoting *Eberle v. Warden, Mansfield Correctional Institution*, 532 F. App'x 605, 610 (6th Cir. 2013)).

Here, the court of appeals' decision simply clarified that the trial court lacked jurisdiction to grant Davis's motion to withdraw his guilty plea. The court of appeals' decision did not alter "the judgment that authorizes [Davis's] current custody." *In re Stansell*, 828 F.3d 412, 418 (6th Cir. 2016). Rather, it left Davis in the same position as before the trial court issued the order *that it lacked the authority to issue*. Davis is thus not entitled to a new timeclock based on the fact that the court of appeals determined that the trial court lacked, in the first instance, jurisdiction to grant his motion to withdraw his guilty plea. *See Freeman*, 959 F.3d at 230; *cf. Stansell*, 828 F.3d at 419 ("hold[ing] … that a partial resentencing that results in the imposition of post-release control is the type of change that creates a new judgment … *because* this type of change alters the sentence 'pursuant to' which the petitioner is 'in custody'") (emphasis added).

Moreover, although "[d]irect review delays the start of the [habeas] statute of limitations[,] [c]ollateral review merely tolls its running." *Lambert v. Warden, Ross Corr.*, 81 F. App'x 1, 3 (6th Cir. 2003); *see Lopez v. Wilson*, 426 F.3d 339, 346 (6th Cir. 2005). And even a properly filed motion to withdraw a

guilty plea is collateral.[7] *See Goodballet v. Mack*, 266 F. Supp. 2d 702, 707 (N.D. Ohio 2003) (concluding that "the filing of a motion to withdraw a guilty plea only tolls the limitations period and does not reset it" and that the filing "also does not affect the final conviction date for purposes of federal habeas petitions"); *see also Ru Liu v. Kelly*, No. 5:11-cv-2027, 2012 WL 3112401, at *6 (N.D. Ohio July 11, 2012) (citing cases), *report and recommendation adopted*, 2012 WL 3112397 (N.D. Ohio July 31, 2012). Given that the statute of limitation for Davis's federal habeas petition expired well before Davis filed his motion to withdraw his plea, the motion's filing did not affect the statute of limitations' expiration, even if the motion were properly filed. *See Eberle*, 532 F. App'x at 609 ("reject[ing] the view that a plea-withdrawal motion restarts AEDPA's one-year clock").

For the sake of completeness, Davis also argues that the pendency of his delayed motion to reconsider or reopen tolled the running of the statute of limitations. Doc. 18, at 3. But the statute of limitations had expired years before he filed that motion. And because collateral filings don't restart an expired limitations period, *Vroman v. Brigano*, 346 F.3d 598, 602 (6th 2003), Davis's motion did not toll the limitations period.

---

[7] Given that Davis filed his motion in a court that lacked jurisdiction to consider it, the motion was not "properly filed." *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (stating that a state court post-conviction remedy is "properly filed" for the purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). So it could not, in any event, have tolled the statute of limitations.

With good reason, Davis does not argue that subparagraph (D) could apply. Importantly, although subparagraph (A) is tied to when a judgment is final, the subparagraph (D) gateway has to do with when the petitioner could have, "through the exercise of due diligence," discovered the "factual predicate" for his "claim or claims." *See Eberle*, 532 F. App'x at 610. Had he attempted to rely on subparagraph (D), Davis would have had "'the burden of proving that he exercised due diligence' in order for the statute of limitations to run from the date he discovered the factual predicate of his claim." *Id*. at 611 (quoting *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)). But the predicate for Davis's claims is the March 23, 2022 court of appeals' decision holding that the trial court lacked jurisdiction to consider Davis's motion to withdraw his guilty pleas. *See* Doc. 1, at 5–8. Davis, however, didn't file his habeas petition until December 2024, more than two years after the court of appeals' decision.

To be clear, subparagraph (D) is self-evidently not subparagraph (A). The simple fact, therefore, that a judicial decision is the basis for invoking subparagraph (D)—as opposed to, for instance, the discovery of a *Brady* violation—does not mean that a petitioner can import subparagraph (A)'s finality analysis into the subparagraph (D) analysis.[8] To rely on a judicial

---

[8] Even if there were a reason to think that, for subparagraph (D) purposes, the factual predicate for Davis's claims didn't arise until the Ohio Supreme Court declined to review the court of appeals' decision, the result would not change. The Ohio Supreme Court declined to exercise jurisdiction on July 12, 2023, Doc. 15-1, at 671, well over a year before Davis filed his habeas petition.

decision, therefore, to demonstrate timeliness under subparagraph (D), a petitioner must do what subparagraph (D) requires and file his habeas petition within one year of that decision.

Another problem with trying to apply subparagraph (D) is that all of the issues that Davis now raises arose in post-conviction proceedings having to do with Davis's extra-jurisdictional motion to withdraw his guilty plea. There would be multiple additional difficulties with applying subparagraph (D) to Davis's situation, starting with the fact that Davis had no constitutional right to withdraw his guilty plea. *Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013). Moreover, the fact that the trial court lacked jurisdiction to grant Davis's motion is matter of state law, which is not cognizable in habeas. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Further, alleged errors in collateral proceedings are not cognizable in habeas. *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986). Finally, although Davis claims that his counsel was ineffective in his post-conviction proceedings, there is no right to counsel in a post-conviction action.[9] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Given the above, Davis's petition is untimely.

---

9 All of the above helps show that even putting timeliness issues aside, Davis's claims are not cognizable in habeas.

**Conclusion**

The Court should dismiss Davis's petition.

Dated: February 2, 2026

*/s/James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).