**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAQUAN DAVIS, | ) | CASE NO. 5:25-cv-00154 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, FRANKLIN COUNTY | ) | |
| CORRECTIONS CENTER II, *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**Introduction**

Petitioner Daquan Davis has filed a petition for a writ of habeas corpus naming as Respondents "the State of Ohio" and "Franklin County Head Sherrif." R. 1. After obtaining leave, the Warden of the Franklin County Corrections Center II, where Petitioner was incarcerated, moved to be dismissed as a party, claiming that although Petitioner was then incarcerated at that facility, that imprisonment was unrelated to the criminal conviction at issue in the habeas petition. R. 12. Petitioner replied in opposition, claiming that the Warden was the proper respondent who should not be dismissed because Petitioner was being held in Franklin County pursuant to a detainer from Summit County. The Franklin County Warden thereupon filed a second motion to dismiss, asserting that any claims him were moot because Petitioner was

no longer in custody in Franklin County. R. 17. Petitioner did not respond.

Pursuant to an earlier referral under Local Rule 72.2, *see*, non-document order of February 12, 2025, United States Magistrate Judge James E. Grimes, Jr. issued a Report and Recommendation (R&R) recommending that both of the Warden's motions to dismiss be granted. (R. 19). The R&R stated, *inter alia*, that any objections to the R&R must be entered within 14 days after the objecting party was served with a copy of the R&R. *Id*., Page ID # 1455. No timely objections have been filed by either party and no requests for additional time have been filed.

**Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). By failing to file *specific* objections to a report and recommendation, a party forfeits any challenge to the report and recommendation and forfeits the "right to appeal the unobjected-to issues." *Shophar v. Gyllenborg*, 2019 WL 4843745, at *2 (6th Cir. Apr. 19, 2019) (citations omitted). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted); *United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.")

**Analysis and Conclusion**

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 19) is hereby ADOPTED. Therefore, the motions by Warden of the Franklin County Corrections Center II seeking his dismissal (R. 12, 17) are GRANTED and the Warden is DISMISSED as a Respondent.

IT IS SO ORDERED.

s/ *David A. Ruiz*

David A. Ruiz
United States District Judge

Date: March 18, 2026