IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DaQUAN DAVIS, | ) | Case No. 5:25-CV- 00154 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| V. MICHAEL FISHER, WARDEN,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

INTRODUCTION

This matter comes before the Court on the February 2, 2026, Report and Recommendation (R&R) by United States Magistrate Judge James E. Grimes, Jr. recommending that the *pro se* Petition of DaQuan Davis for a writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED as time barred. R. 22. On February 13, 2026, Petitioner timely filed an opposition to the R&R, together with a motion to stay. R. 23. The State opposed the motion to stay. R. 25. Petitioner also moved the Court to take judicial notice of a purportedly omitted fact cited by Respondent. R. 26. That motion was opposed by Respondent (R. 27), to which Petitioner replied. R. 29.

For the following reasons, the R&R is ADOPTED and the petition DISMISSED. In addition,

---

[1] Warden, Franklin County Corrections Center II, named as an original respondent, was dismissed on March 18, 2026. R. 28. Respondent Ohio Attorney General Dave Yost, also named as an original respondent, states that because Petitioner is incarcerated at the Madison Correctional Institution, the warden of that facility, V. Michael Fisher, should be the proper party Respondent. R. 25, Page ID#: 1497 fn. 1. The Court here ORDERS that the docket so reflect.

Petitioner's motions to stay and to take judicial notice are also DENIED.

FACTS

The R&R found that the Petitioner was in custody for a conviction imposed by the Franklin County Court of Common Pleas, but the Petition challenged an aggregate sentence of 14 years and 6 months imposed by the Summit County Court of Common Pleas in non-related cases. R. 22, Page ID#: 1463. Those Summit County convictions were imposed after Petitioner pled guilty to multiple charges in three originally separate cases that were consolidated for trial. *Id*., Page ID #: 1464. Davis was unsuccessful in a consolidated direct appeal, with the Ohio appeals court affirming his convictions and sentence on April 13, 2016. *Id*., Page ID#: 1466. Petitioner did not appeal this decision to the Supreme Court of Ohio. *Id.*

While the direct appeal was pending, Davis in September 2013 moved the trial court to withdraw his guilty plea. *Id.* That motion was denied, and no appeal was taken. *Id.*, Page ID#: 1466-67. In March 2018, Davis then moved the trial court for a sentence reduction. *Id*., Page ID#:1467. That motion was denied. *Id*. In March 2020, Davis moved the trial court for a "de novo sentencing." *Id.* The motion was denied, and no appeal was made. *Id*. In June 2020, Davis moved the trial court for "a final appealable order." *Id*. That motion, as well, was denied and not appealed. *Id.*

In May 2021, Davis moved the trial court to withdraw his guilty plea, claiming a "manifest injustice occurred during the plea hearing." *Id*. This time, the trial court granted the motion. *Id*., Page ID#: 1468. The State appealed, and on March 2, 2023, the Ohio appeals court reversed the trial court, finding, *inter alia*, that since Petitioner's conviction had already been appealed and affirmed in 2016, the trial court had no jurisdiction to consider the 2021 motion. *Id*. Page ID#: 1470-71. Davis then moved the Ohio Supreme Court for a stay of this ruling, which motion was denied. *Id.*, Page ID#:

1470. He simultaneously filed a motion to reopen his appeal, which was denied in 2024. *Id*. Petitioner attempted to appeal that decision to the Ohio Supreme Court, which declined to accept jurisdiction. *Id*. It also denied a motion to reconsider on December 6, 2024. *Id*., Page ID#: 1472.

On December 9, 2024, Petitioner filed his federal habeas petition. *Id.*, Page ID#: 1472. After the State filed a return of the writ, and Petitioner filed a traverse, the Magistrate Judge issued a Report and Recommendation concluding that the petition should be dismissed as untimely. *Id*., Page ID#: 1473. Specifically, the R&R noted that the last reasoned decision in Ohio's direct review of Petitioner's case occurred on April 13, 2016, when the Ohio appeals court affirmed Petitioner's conviction and sentence. *Id*., Page ID#: 1474. From that date, Petitioner had 45 days, or until May 31, 2016, to seek review of the appellate court's decision by the Ohio Supreme Court. *Id.* But, as noted above, Davis did not file any appeal in this process with the Supreme Court of Ohio. Thus, Petitioner's conviction became final on June 1, 2016. *Id.*, Page ID#: 1475.

For his part, Davis argued that his conviction only became final on March 23, 2023, when the Ohio appellate court reversed the trial court's order granting Petitioner's motion to withdraw his guilty plea. *Id*. The R&R disagreed, finding that the 2023 appellate court decision did not alter in any way the judgment supporting Davis' current custody, since it simply clarified that the trial court had no jurisdiction to grant the motion to withdraw the guilty plea. *Id.*, Page ID#: 1476. Further, the R&R found that because the statute of limitations had already expired years before Petitioner began the collateral attacks on his sentence, those filings did not toll anything or restart the limitations period. *Id*., Page ID#: 1477.

Petitioner's objections to the R&R do not directly attack the R&R's finding of untimeliness, but contend that the Petition itself should be read as addressing a future sentence that has not occurred

yet but will, and when it happens, will necessarily be worse than his existing sentence. *See* R. 23, Page ID#: 1482. The Petitioner's objection states:

> Petitioner is challenging his future custody… Based on the fact that petitioner is challenging future custody, a sentence has not occurred yet. For this reason, Petitioner would like to stay this habeas corpus at hand [*sic*] until a sentence occurs. The pending sentence is the key here.

*Id*., Page ID#: 1485

The objection continues by assuming that Petitioner will be resentenced because, despite the decision of the Ohio appeals court, the trial court purportedly did have jurisdiction to permit withdrawal of the guilty plea. *Id*., Page ID#: 1486-87. "The point petitioner is highlighting is that the court of appeal [*sic*] ruled that the trial court lost jurisdiction and based their ruling on a case law they later conceded they had been using the wrong way." *Id*., Page ID#: 1487. Thus, according to the Petitioner, this Court should find that the Ohio appeals court was incorrect in finding that the trial court lacked jurisdiction to permit the withdrawal of his guilty plea and should then conclude that Petitioner has withdrawn that plea and is now awaiting retrial and resentencing. Therefore, Petitioner reasons, the R&R should be rejected, and his habeas petition should be stayed until that resentencing.

In the same vein, Petitioner argues that the Court should take judicial notice of the "fact" that, contrary to the R&R, he is not in custody for a Summit County conviction, but for conviction in Franklin County. R. 27, Page ID#: 1504. He reasons that he could not be held on the Summit County conviction because that would imply the Summit County court had entered final judgement, which, by Petitioner's logic, could not have happened because he withdrew his plea and is awaiting a final resolution of the Summit County case. *Id.* Petitioner admits he cannot "print off anything from the ODRC web site to prove that he is not currently in custody for any of the case numbers the respondent cited," but relies instead on his contention referenced above and asks the Court "to please have its staff

check" to see precisely for what conviction Petitioner is now in custody. *Id*.

As noted, the State filed an opposition (R. 25) to Petitioner's opposition to the R&R and motion to stay (R. 23) and an Opposition (R. 27) to Petitioner's motion for judicial notice. R. 26. In the opposition to the motion to stay, the State observes that, despite Petitioner's argument to the contrary, the appellate court reversed the trial court's judgment that erroneously allowed Petitioner to withdraw his guilty plea, thereby leaving his guilty plea, conviction and sentence undisturbed. R. 25, Page ID#: 1497. The State further affirmed that Petitioner "is in custody pursuant to the journal entries issued by the Summit County Court of Common Pleas." *Id.* (citing record).

As to Petitioner's motion to take judicial notice, the State's opposition points out that judicial notice is taken only of "adjudicative facts" related to the particular case and is not "the appropriate means to establish the legal principles governing the case." R. 27, Page ID#:1504 (citation omitted). Moreover, the State relates that at the time Petitioner filed this habeas petition, he was still "in custody" for the Summit County convictions but had been removed from where he was incarcerated on that offense to Franklin County, Ohio to permit him to stand trial there on other unrelated charges. *Id*., Page ID#: 1501. That change in location, however, did not change the fact that he remained incarcerated on the Summit County convictions.

STANDARD OF REVIEW

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which proper objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an

argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

ANALYSIS

Petitioner's basic challenge to the R&R's conclusion that the petition is time-barred is to assert that the Magistrate Judge erroneously determined the date when Petitioner's conviction became final by calculating that date from the 2016 state appellate decision that Petitioner thinks was wrongly decided and therefore invalid. Although a trial court years later granted Davis' motion to withdraw his guilty plea, the state appellate court's March 2023 decision reversing that trial court's order explained why the trial court lacked the jurisdiction to grant the motion. Petitioner's argument that this Court should overturn the R&R because the Ohio appeals court was wrong rests upon a fundamentally erroneous premise. It is axiomatic that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The withdrawing of a guilty plea in Ohio state court is a state law matter. *See Pierce v. Robinson*, 2025 WL 755401, at *6 (collecting cases) (N.D. Ohio March 10, 2025) (R&R); adopted, *Pierce v. Robinson*, 2025 WL 2501133 (N.D. Ohio Sept. 2, 2025; cert. of

appealability denied, *Pierce v. Robinson*, 2026 WL923127 (6th Cir. March 25, 2026).

Further, Petitioner's contention that he is not in custody for the Summit County convictions originally cited in his petition is an equally erroneous premise. Petitioner suggests he does not know the conviction for which he is being held and so cannot do anything more than ask the Court's staff to research a potential argument in this regard. To that point, federal judicial law clerks do not function as research staff for *pro se* litigants. *See DeRaffele v. Jones*, 2022 WL 743877, at *5 (M.D. Penn. March 11, 2022). Further, as the State set forth, the facts are that while Petitioner's place of incarceration may have been transferred into Franklin County for trial in an unrelated case to his Summit County conviction, he remained in custody for the Summit County conviction at the time the present habeas petition was filed.

CONCLUSION

The Court, having carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 22) is hereby ADOPTED. In addition, for the reasons stated above, the motion by Petitioner (R. 23) to stay and in Opposition to the R&R is DENIED, with the objections overruled, and the motion by Petitioner to take judicial notice (R. 26) is DENIED. Further, and also for the reasons stated, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. §2253(c)(2), and so a certificate of appealability shall not issue. Federal Rule of Appellate Procedure 22(b).

IT IS SO ORDERED.

Date: September 30, 2026

/s/ *David A. Ruiz*
David A. Ruiz
United States District Judge